IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TONYA M. BAKER, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | No.  05-4385 |
| JOANNE B. BARNHART, Commissioner of the Social Security Administration, | : | |
| Defendant. | : | |

MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                                              JUNE 21, 2006

      Plaintiff Tonya M. Baker ("Baker") brought this action under 42 U.S.C. § 405(g) to review the decision of the Commissioner of Social Security Administration ("Commissioner") denying her claim for Disability Insurance Benefits ("DIB").  Baker claims she is disabled.  The parties filed Cross-Motions for Summary Judgment which were referred to United States Magistrate Judge Peter R. Scuderi for a report and recommendation.  Magistrate Judge Scuderi recommended that Baker's motion for summary judgment be denied; the Commissioner's motion for summary judgment be granted; and the final decision of the Commissioner be affirmed.  Baker filed Objections to the Report and Recommendation.  For the reasons stated below, the Report and Recommendation is rejected in part, the Commissioner's motion is denied, Baker's motion is granted insofar as she requests a remand, and the case is remanded to the Commissioner for further proceedings consistent with this Memorandum.

**I.     BACKGROUND**

The background is set forth in detail in Magistrate Judge Scuderi's Report and Recommendation dated April 28, 2006, and will be repeated in this Memorandum only where it is necessary to address the issues presented.  Baker applied for benefits on September 28, 2003, alleging disability since August 26, 2003 due to sinus tachycardia, back pain, and polycystic ovary syndrome.  (Tr. 48-51, 57).  The state agency denied her application.  An administrative law judge ("ALJ") held a hearing on June 16, 2004 where Baker was represented by non-attorney, Toby Lopez.  (Tr. 45, 264-311).  On September 24, 2004, the ALJ issued a decision denying Baker's application.  (Tr. 16-28).  Baker requested review by the Appeals Council, which was denied on June 22, 2005.  (Tr. 5-8).  Therefore, the ALJ's September 24, 2004 decision is the final decision of the Commissioner.  Baker then properly commenced this action seeking judicial review of the Commissioner's decision.

**II.    LEGAL STANDARDS**

My role is to determine whether the Commissioner's decision is supported by substantial evidence.  Doak v. Heckler, 790 F.2d 26, 28 (3d Cir. 1986); Newhouse v. Heckler, 753 F.2d 283, 285 (3d Cir. 1985).  Substantial evidence is defined as "more than a mere scintilla but may be somewhat less than a preponderance of the evidence."  Rutherford v. Barnhart, 399 F.3d 546, 552 (3d Cir. 2005).  Substantial evidence represents "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971); see also Reefer v. Barnhart, 326 F.3d 376, 379 (3d Cir. 2003).  I may not weigh the evidence or substitute my own conclusions for that of the ALJ, however, I must remain mindful that "leniency [should] be shown in establishing claimant's disability."  Burns v. Barnhart, 312

F.3d 113, 118 (3d Cir. 2002); Reefer, 326 F.3d at 379.

I may make a de novo determination of those portions of Magistrate Judge Scuderi's well reasoned Report and Recommendation to which Baker's objections were made. 28 U.S.C. § 636(b)(1)(C). I may "accept, reject or modify, in whole or in part, the [magistrate judge's] findings or recommendations." Brophy v. Halter, 153 F. Supp. 2d 667, 669 (E.D. Pa. 2001).

To prove a disability, Baker must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a).[1] Baker would be considered unable to engage in any substantial gainful activity "if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A); Plummer v. Apfel, 186 F.3d 422, 428 (3d Cir. 1999). The ALJ applied a five-step sequential evaluation process pursuant to 20 C.F.R. §§ 404.1520 in determining that Baker was not disabled under the regulations. The five-step sequential evaluation process is:

> 1. If the claimant is doing substantial gainful activity, he is not disabled. If the claimant is found not to be engaged in substantial gainful activity, proceed to Step 2. 20 C.F.R. §§ 404.1520(b), 416.920(b).
>
> 2. The claimant's impairment(s) must be "severe," meet the duration requirement

---

[1] Regulation 20 C.F.R. § 404.1572 defines substantial gainful activity as follows: Substantial gainful activity is work activity that is both substantial and gainful: (a) Substantial work activity is work activity that involves doing significant physical or mental activities. Work may be substantial even if it is done on a part-time basis or if you do less, get paid less, or have less responsibility than when you worked before; (b) Gainful work activity is work activity that you do for pay or profit. Work activity is gainful if it is the kind of work usually done for pay or profit, whether or not a profit is realized.

in 20 C.F.R. §§ 404.1509, 416.909, and significantly limit his physical or mental ability to do basic work activities before a finding of disabled is directed. If the claimant has a severe impairment(s), proceed to Step 3. 20 C.F.R. §§ 404.1520(c), 416.920(c).

3. If the claimant has a severe impairment(s) that has lasted or is expected to last for a continuous period of at least twelve months, and the severe impairment(s) is listed in Appendix 1 of Subpart P of Part 404 of 20 C.F.R. or is equal to a listed impairment(s), the claimant is presumed disabled without further inquiry. 20 C.F.R. §§ 404.1520(d), 416.920(d).

4. If the claimant retains a residual functional capacity to do his past relevant work, he is not disabled. 20 C.F.R. §§ 404.1520(e), 416.920(e).

5. The inquiry at this step is whether the claimant can do other work that exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors. 20 C.F.R. §§ 404.1520(g), 416.920(g).

Burley v. Barnhart, No. 04-4568, 2005 U.S. Dist. LEXIS 19803, at *9 n.6 (E.D. Pa. Sept. 9, 2005).

### III. DISCUSSION

The sole issue I shall address is whether the ALJ failed to properly consider Baker's migraine headaches in combination with her other claims at step two of the five-step evaluation process. Based on the following analysis, I find that this case must be remanded in order to properly consider Baker's migraine headaches in combination with her other claims.

The Magistrate Judge's Report and Recommendation correctly identifies the function of step two and procedures the ALJ must follow when considering a claimant's impairments:

Step two (2) of the sequential evaluation is known as the "severity regulation" because it focuses on whether the claimant is suffering from a severe impairment. 20 C.F.R. § 404.1520. An impairment is severe if it is "of magnitude sufficient to limit significantly the individual's ability to do basic work activities." Santise v. Schweiker, 676 F.2d 925, 927 (3d Cir. 1982); see also 20 C.F.R. § 404.1521(a); S.S.R. 96-3p, "Considering Allegations of Pain and Other Symptoms in Determining Whether a Medically Determinable Impairment is Severe." Basic

> work activities are defined in the regulations as "the abilities and aptitudes
> necessary to do most jobs." 20 C.F.R. § 404.1521(b). A non-severe impairment
> is a "slight abnormality" which had a minimal effect on the individual such that it
> would not be expected to interfere with the individual's ability to work,
> irrespective of age, education, or work experience. Bowen v. Yuckert, 482 U.S.
> 137, 149-151 (1987). The burden to show a medically determinable impairment
> is on the claimant. Id. at 146.

(See Report and Recommendation at 14-15, (Apr. 28, 2006)). Step two has also been described as "a threshold inquiry" and that the second step "only allows claims that are based upon the most trivial claims to be rejected." Harper v. Sullivan, Civ. A. No. 89-4272, 1991 U.S. Dist LEXIS 2168, at *13 (E.D. Pa. Feb. 22, 1991). "[A]n impairment is found not severe when the medical evidence establishes only a slight abnormality or combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work." Id. at *11.

The ALJ gave only a cursory recognition of Baker's migraine headaches. The first page of the ALJ's decision mentions migraine headaches as an alleged impairment. (Tr. 19). However, when listing the severe impairments for the step two analysis, the ALJ ignores Baker's migraine headaches, instead listing "asthma, back pain, a history of rapid heartbeat/tachycardia, a history of [gastroesophageal reflux disease], otalgia/vertigo, [and] polycystic ovarian syndrome" as "impairments that cause significant vocationally relevant limitations." (Tr. 20). The only other mention of headaches in the remainder of the ALJ's decision is on page three. (Tr. 21). Page three's reference of headaches first highlights the December 30, 2003 report (Tr. 209-211) of neurologist David Dougherty, M.D., who focused on Baker's back pain by stating that, "she reported that the leg and back pain continued and that she had had to stop physical therapy because she had developed headaches." (Tr. 21). Page three's second reference to headaches mentions that, "Melvin Twersky, D.O., her primary care physician, treated her complaints of

headaches." (Id.). Neither of these references discuss whether Baker's migraine headaches constituted severe impairments for step two purposes.

Although the ALJ paid scant attention to Baker's headaches, Baker's medical record contains multiple references to her suffering from headaches. On December 3, 2003, Dr. Twersky's treatment records indicate that Baker was suffering from headaches and that she was "not able to take therapy because of dizzy spell and headaches." (Tr. 194). On December 30, 2003, Dr. Dougherty's report discussed Baker's headaches extensively. He noted that Baker's current headaches started three months prior to his examination and that Baker reported a history of migraines since age 12. Furthermore, Dr. Dougherty acknowledged that Baker has a predisposition to migraines and that her headaches occurred "on a daily basis with minimal benefit from Tylenol P.M., Celebrex, and other NSAIDs." (Tr. 211). A week later, on January 7, 2004, Ganesan Murali, M.D., noted that Baker was taking Verapamil for "migraine and rapid heart beat." (Tr. 190). Two weeks later, on January 21, 2004, Dr. Twersky's treatment notes appear to reference "cephalalgia," a medical term for headaches. (Tr. 193). Dr. Twersky's January 21, 2004 notes also appear to reference Relpax, a medication for the acute treatment of migraines. (Tr. 193). On February 2, 2004, Dr. Twersky's treatment notes indicate that Baker was suffering from migraine headaches and appear to indicate that Verapamil was prescribed. (Tr. 192). Also on February 2, 2004, the functional capacity forms provided by Dr. Twersky list migraine headaches and chronic headaches as current diagnoses. (Tr. 186).

In addition to the multiple references to Baker's headaches and treatment for her headaches throughout the medical record, Dr. Dougherty's December 30, 2003 report specifically lists six physical manifestations of suffering due to Baker's headaches. First, Baker had to stop

6

physical therapy due to the onset of her headaches. (Tr. 211). Second, Baker gets nauseated due to headache pain fairly regularly. (Id.). Third, on two occasions she has vomited because of her headaches. (Id.). Fourth and fifth, Baker noted a fear of light and a fear of sound due to her headaches. (Id.). Finally, Baker notes exertion induces intensification of the pain. (Id.).

Baker also mentioned that she suffered from headaches during her hearing before the ALJ. (Tr. 296). The Commissioner and the Magistrate Judge's Report and Recommendation seize upon Baker's testimony before the ALJ as the basis for their conclusion that the ALJ did not fail to consider migraine headaches during the severity determination at step two. Both the Commissioner and the Magistrate Judge state that Baker testified that headaches were caused by either her vertigo or her allergies and that these ailments were being treated with nasal spray. In effect, the Commissioner and the Magistrate Judge state that the ALJ's consideration of Baker's vertigo and allergies encompasses any remaining consideration of Baker's migraine headaches thereby obviating the need for the ALJ to separately discuss headaches at step two. I respectfully disagree due to the ambiguous nature of Baker's testimony as compared to the medical record. The relevant part of the testimony states that:

> Q: And the Judge asked you if you had any problem that might, you know, keep you from working. When you had the problem, with your ear, did you have dizziness?
> A: Yes.
> Q: Do –
> A: Vertigo.
> Q: Vertigo?
> A: Yes.
> Q: And does that still happen to you?
> A: Yes, it does. Yes, it does.
> Q: And when does that happen to you? Or how often does it happen to you?
> A: It happens to me like three, four times, in a week. I get dizzy, get headaches, pain in my ear, ringing.

7

> Q: The doctor does talk about your headaches. The – have you talked to your doctor about the vertigo, it's continuing to happen to you?
> A: Yes, he say it's probably because of my allergies.
> Q: He says it's because of your allergies. Okay, and are you taking any medication for that?
> A: Singulair.

(Tr. 295-96). There are two problems with relying on this testimony as substantial evidence to establish that the ALJ considered migraine headaches at step two. First, as the Magistrate Judge's Report and Recommendation notes, "it is unclear whether [Baker's] testimony concerned headaches, vertigo, or both." (See Report and Recommendation at 16, n.18 (Apr. 28, 2006)). Second, assuming arguendo that Baker's testimony supports a finding that her headaches were caused by either allergies or vertigo, the ALJ had a duty to analyze Baker's testimony in conjunction with the other medical evidence regarding her headaches. See Plummer, 186 F.3d at 429 ("The ALJ must consider all the evidence and give some reason for discounting the evidence she rejects"). For example, Dr. Dougherty opined that Baker's headaches were most likely caused by the claimant's back pain while saying nothing about allergies or vertigo. (Tr. 209). This evidence is relevant to determine the severity of Baker's impairments and the ALJ had a duty to discuss it in conjunction with Baker's testimony.

Due to the multiple references to Baker's migraine headaches in the medical record, the ALJ was obligated to discuss migraine headaches at step two of the five-step process. See Reefer v. Barnhart, 326 F.3d 376, 380-81 (3d Cir. 2003) ("having seen [complaints of headaches and other maladies] in the medical record, the ALJ was not at liberty to ignore them"). The ALJ, however, did not set out his reasons for ignoring Baker's migraine headaches when discussing which of her impairments were severe enough to significantly limit her ability to work. While it

may be true that Baker's migraine headaches may not prevent her from engaging in substantially gainful activity, it is simply unclear from the ALJ's opinion and the record whether substantial evidence supports such a conclusion because the ALJ is silent on the issue.  Accordingly, a remand is required for further proceedings on this issue.  Cf. McCormick v. Secretary of Health & Human Servs., 861 F.2d 998, 1000 (6th Cir. 1988) (discussing remand to develop the record further as to migraine headaches); Diaz v. Barnhart, No. 01-0525, 2002 WL 32345945, at *7 (E.D. Pa. Mar. 7, 2002).

## IV.   CONCLUSION

I cannot conclude that the ALJ's decision to deny Baker benefits is supported by substantial evidence in the record.  Accordingly, Baker's Objections to the Magistrate Judge's Report and Recommendation are sustained in part[2].  I will grant in part Baker's motion for summary judgment and remand this case to the Commissioner for further proceedings consistent with this Memorandum.  On remand, the ALJ must develop the record as to the severity of Baker's migraine headaches.

An appropriate Order follows.

---

[2] Due to the sequential nature of the disability determination process and in the interests of judicial economy, I shall not address the remaining objections Baker raises as they may be rendered moot.  By sustaining Baker's first and second objections to the Magistrate Judge's Report and Recommendation and remanding the case for reconsideration at step two of the five-step process, the ALJ may have to reconsider steps three through five in light of Baker's migraine headaches.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TONYA M. BAKER, | CIVIL ACTION |
| Plaintiff, | |
| v. | No. 05-4385 |
| JOANNE B. BARNHART, Commissioner of the Social Security Administration, | |
| Defendant. | |

**O R D E R**

AND NOW, this 21st day of June, 2006, upon consideration of the parties' cross motions for summary judgment, and after careful review of the Report and Recommendation of the United States Magistrate Judge, it is hereby ORDERED that:

1. Plaintiff's objections as to the ALJ's treatment of migraine headaches at Step Two and an insufficiently developed record are SUSTAINED;

2. the motion of Plaintiff Tonya M. Baker for summary judgment is GRANTED insofar as she requests a remand;

3. the motion of Defendant JoAnne B. Barnhart, Commissioner of Social Security, for summary judgment is DENIED; and

4. this case is REMANDED to the Commissioner for further proceedings consistent with this memorandum.

BY THE COURT:

Robert F. Kelly
Robert F. Kelly          Sr. J.